IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-20098
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PEDRO PADILLA-VENEGAS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CR-530-ALL
_____

August 7, 2001

Before POLITZ, JOLLY, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Pedro Padilla-Venegas appeals his conviction and sentence for being in the

United States without permission of the Attorney General after his deportation

following his conviction of a felony, a violation of 8 U.S.C. § 1326(a).  Padilla

challenges the sufficiency of his indictment because it did not allege that he acted

with intent to commit the offense.  Padilla's contention is foreclosed by our holding

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

in <u>United States v. Berrios-Centeno</u>[1] that an indictment charging a violation of § 1326 "fairly convey[s] that [the defendant's] presence was a voluntary act from the allegations that he was deported, removed, and subsequently present without consent of the Attorney General." Absent a ruling by the Supeme Court or this court en banc, that precedent is binding and dispositive herein.[2]

AFFIRMED.

---

[1]250 F.3d 294 (5th Cir. 2001),

[2]<u>United States v. Short</u>, 181 F.3d 620 (5th Cir. 1999), <u>cert. denied</u>, 528 U.S. 1091 (2000); <u>United States v. Mathena</u>, 23 F.3d 87 (5th Cir. 1994).